IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TARA HARNEY, | ) | Civil No. 05-1637-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Rory J. Linerud
LINERUD LAW FIRM
P. O. Box 1105
Salem, OR 97308-1105

   Attorney for Plaintiff

Michael McGaughran
Thomas M. Elsberry
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant Tara Harney seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  Following a careful review of the record, the court concludes that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI on April 30, 2002, alleging an inability to work since January 1, 2002, due to "constant pain."[1]  The applications were denied initially and on reconsideration.

Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on August 17, 2004.  Claimant, represented by counsel, appeared and testified at the hearing.  A vocational expert ("VE") also testified.  On October 22, 2004, the ALJ issued a decision denying claimant's applications.  The ALJ's decision became the final decision of the Commissioner on September 14, 2005, when the Appeals Council declined review.

---

[1]  Claimant filed disability claims in June 1995; those were denied in November 1995.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that claimant met the nondisability requirements for a period of disability and DIB through the date of his decision. The ALJ then found that claimant has not been engaged in substantial gainful activity since her alleged onset date.

Second, the ALJ found that claimant's mild lumbar degenerative changes and spondylosis at L3-4 and L4-5 with a small disc protrusion are "severe" impairments, but do not meet or equal the criteria of any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 21).

In the next step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

> [S]he is able to lift or carry 10 pounds frequently, to stand or walk for 2 hours of an 8 hour day, and to sit for 6 hours of an 8 hour day with a sit/stand option with

3 - OPINION AND ORDER

>frequent changes of position. She is able to perform a very wide range of sedentary level work.

Tr. 32. In making that determination, the ALJ found that claimant's allegations regarding her limitations were not entirely credible. Tr. 32.

The ALJ next determined that neither claimant's medically determined impairments nor her residual functional capacity precludes her from returning to her past relevant work as a phone surveyor. Consequently, the ALJ found claimant not to be disabled at any time through the date of his decision within the meaning of the Social Security Act, and denied her applications for benefits. Tr. 33.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant makes a variety of allegations of error in the Commissioner's decision: She contends that the ALJ failed to properly consider her alleged psychological impairments; failed to address certain postural limits; failed address her complaints about arm and hand limitations; failed to properly consider certain medical opinions; and improperly assessed claimant's credibility, all of which, claimant contends, resulted in an improper assessment of her residual functional capacity.

I reject all of claimant's allegations of error. In doing so, I note that the decision in this case is one of the most thorough in both the ALJ's analysis and the explanation of his reasoning that I have reviewed. Underlying a significant portion of the ALJ's rationale is his negative finding concerning claimant's credibility, which is supported by a thorough discussion of the

4 - OPINION AND ORDER

evidence, including substantial evidence suggesting malingering. The ALJ's credibility finding was properly made and error-free. Consequently, this court will not disturb the ALJ's decision to reject claimant's subjective testimony concerning her hand and arm limitations (for which there was no supporting objective medical evidence of an underlying condition that could cause her alleged symptoms) and her testimony of constant debilitating pain.

Likewise, the ALJ properly considered Dr. Sullivan's medical records and his medical source statement, and gave appropriate reasons for giving Dr. Sullivan's opinions, such as they were, no significant weight. As the ALJ noted, Dr. Sullivan saw claimant only four times during a brief 35 day period in July and August 2003, during which he accepted claimant's subjective complaints at face value. A year later, without having seen claimant for treatment in the interim, Dr. Sullivan opined that she was unable to perform any type of work. The ALJ viewed this report as largely irrelevant, commenting that "[g]iven the degree of pain asserted, Dr. Sullivan would likely be somewhat surprised to learn that there is no evidence of any medical treatment for back complaints since he last saw [claimant] in August 2003." Tr. 31. I find no error in the ALJ's assessment of Dr. Sullivan's report.

Claimant complains that the ALJ failed to consider certain postural limitations found by Disability Determination Services ("DDS") Drs. Spray and Eder; specifically, that claimant was limited to occasional stooping and no ladders, ropes, or scaffolds. Given that the ALJ assessed claimant's residual functional capacity as more restricted that either Dr. Spray or Dr. Eder and found her limited to sedentary work not requiring stooping or use of ladders, ropes or scaffolds, claimant's argument concerning this alleged error is without any merit.

Claimant also faults the ALJ for failing to address her alleged psychological impairments. As the Commissioner correctly points out, claimant's assertion of psychological impairment primarily rests on evidence produced after the ALJ's decision that addresses a time frame outside the period under review. The only other "evidence" of psychological impairment appears in Dr. Sullivan's check-the-box medical source statement which, as discussed, the ALJ properly rejected as non-probative. Further, that mere fact that Dr. Sullivan or other doctors may have prescribed claimant anti-depressant medication for pain, sleep problems, depression or other reasons is not by itself evidence of a severe psychological or mental impairment. Consequently, I conclude that the ALJ did not err in disregarding claimant's alleged psychological impairments in assessing her residual functional capacity.

In summary, claimant's arguments are entirely without merit.

## CONCLUSION

Based upon a review of the record, the Commissioner's decision denying claimant's applications for DIB and SSI benefits is supported by substantial evidence on the record as a whole and is, therefore, AFFIRMED.

DATED this 4th day of August, 2006.

                                                /s/ Robert E. Jones  
                                              ROBERT E. JONES  
                                              U.S. District Judge